THE STATE, JACOB R. FREESE, PROSECUTOR, v. ROBERT S. WOODRUFF, Jr., RECEIVER OF TAXES OF TRENTON.

To exempt any particular property from taxation, the intention must be clear. Bonds issued by the city of Paterson under a special act, (*Laws,* 1873, *p.* 211,) to meet an unexpected contingency, not provided for in the charter, and without being exempted by the act, are not exempted by a clause in the charter of 1869, (*Laws,* 1869, *p.* 768,) in these words: " That the bonds authorized to be issued by the mayor and aldermen, shall be issued free and exempt of and from all

city, county, and state taxes." That language is fully satisfied by its application to the bonds authorized in the act of which it formed a part.

On *certiorari*.   In matter of tax.

Argued at February Term, 1874, before Justices BEDLE,. DALRIMPLE and DEPUE.

For the prosecutor, *James Evans*.

For the defendant, *G. D. W. Vroom*.

The opinion of the court was delivered by

BEDLE, J.   The question on this writ is, whether certain bonds of the prosecutor, issued by the city of Paterson, under an act to authorize the funding of the floating debt of the city of Paterson, &c., (*Laws*, 1873, *p.* 211,) are exempt from taxation.   This is not a supplement to the charter of that city,. but an independent act, to meet an unexpected contingency stated in the preamble, as follows: " Whereas, the municipal corporation of the city of Paterson has become seriously embarrassed, by reason of large amounts of money being due the city for unpaid taxes and assessments for street improvements,. the payments for which, in advance of the collection, have depleted the treasury. of said corporation ; therefore," &c.. The act then makes provision for the issue of bonds not exceeding $250,000, to be called " Paterson City Funding Bonds, third series," and the proceeds thereof to be applied exclusively to the payment of any existing debts or liabilities. of the city which cannot lawfully be paid by the proceeds of any bonds theretofore authorized by law.   Provision is also made by the second section, for the raising of certain amounts. by taxation each year, during five years, to pay the entire principal and interest of the bonds.   There is no clause in the act of 1873 exempting these bonds from taxation, but an exemption is claimed under section 169, of " an act for the further revising and amending the 'act to incorporate the city

of Paterson,'" approved March 25th, 1869, (*Laws*, 1869, *p.* 768.) That section reads as follows: "That the bonds authorized to be issued by the mayor and aldermen, shall be issued free and exempt of and from all city, county, and state taxes." In a supplement to the act of 1869, (*Laws*, 1870, *p.* 973,) section 5, it was enacted " that all city bonds to be issued under any law hereafter to be passed, shall be subject to taxation in the hands of the holders thereof." That supplement contained, also, the usual repealing clause of all acts and parts of acts inconsistent with it. In 1871, a new charter was passed, which, among other acts, repealed the act of 1869, " excepting only the one hundred and sixty-ninth section of said act." It also repealed the supplement of 1870. This is the whole of the legislation bearing upon the subject to which we have been referred. It will be observed that section 169 is not re-enacted ; the supplement was entirely repealed, and all of the act of 1869, except section 169. This legislation merely left that section unaffected by the supplement, and with no more force than it had in the act of 1869. That would have been the result, also, if the act of 1870 had effected a repeal, for then the repeal of that act would only have revived section 169 as it stood before. *Potter's Dwarris on Statutes* 159, and notes. What, then, is the effect of that section ? Clauses exempting from taxation are not favored in the law, and should always be construed strictly. *State, Gorum, pros., v. Mills, Receiver,* 5 *Vroom* 177 ; *Dillon on Mun. Corp.,* § 616. This one under consideration is entitled to no more force than the words plainly require, and there is nothing in them to show an intention to comprehend any future legislation that might be obtained by the city for additional issues of bonds. The language is fully satisfied by its application to the bonds authorized in the act of which the section formed a part ; and, therefore, whether bonds issued under subsequent legislation, are to be affected by it, must depend entirely upon the character and necessary effect of such legislation. The act of 1873 is special, independent for a temporary purpose, and to meet a contingency not provided for in the previous legislation, and there is no necessary

relation between the act and the exemptive clause in question. The vague surmises to the contrary that may be drawn from the course of legislation referred to, amount to nothing, in view of the well settled principle that, to exempt any particular property from taxation, the intention must be clear.

The assessment must be affirmed.